## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARTHUR HOYTE, M.D., on behalf of himself and all others similarly situated, and in the interests of the general public,** 118 Monroe Street, Apt. 1204 Rockville, MD 20850<br><br>Plaintiff,<br><br>v.<br><br>**YUM! BRANDS, INC. d/b/a KFC,** 1441 Gardiner Lane Louisville, KY 40213<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. |

## NOTICE OF REMOVAL

Petitioner-Defendant Yum! Brands, Inc. ("Petitioner" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, respectfully submits this Notice of Removal. As grounds for removal, Petitioner states as follows:

1. On June 13, 2006, Plaintiff commenced an action in the Superior Court of the District of Columbia, Civil Division, case number 0004526-06 (the "State Court Action"). On June 16, 2006, Petitioner was served with a Summons, Complaint, and Initial Order in the State Court Action. A true and correct copy of the Summons, Complaint, and Initial Order, as received by Petitioner, is attached as Exhibit A. Petitioner has not yet answered the complaint.

2.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a defendant may file a notice of removal "within thirty days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b).

3.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified at 28 U.S.C. § 1332(d)(2).  Removal is authorized, therefore, by 28 U.S.C. § 1441.

4.     A federal district court has jurisdiction over a class action under CAFA where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

5.     This is a "class action" because it is a civil action filed under a State statute or rule of judicial procedure—D.C. Superior Court Rule of Civil Procedure 23— authorizing an action to be brought by one or more representative persons as a class action.  28 U.S.C. § 1332(d)(1)(B).  Compl. ¶ 11.

I.     The Amount in Controversy Threshold is Met

6.     A federal district court has jurisdiction over a class action under CAFA where the amount in controversy, aggregating together all of the claims of the individual class members, exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(2), (d)(6).

7.     Plaintiff purports to bring this action on behalf of himself and "all other persons who purchased any food item at a KFC restaurant in the District of Columbia that was prepared with products containing trans fat . . . , from 3 years prior to filing this case

until the date of class certification . . . ." Compl. ¶ 11. Although Plaintiff does not specifically state how large this class is, Plaintiff estimates that it includes "thousands of members." Compl. ¶ 12. Given that KFC's website lists at least twelve restaurants as being located within the District of Columbia, *see* Store Locator – KFC.com, *at* http://clients.mapquest.com/kfc/mqlocator, and that the purported class includes any person who purchased any food item at any of those restaurants containing any trans fat over the course of a three-year period, the purported class of plaintiffs is substantial. *See* Compl. ¶ 11.

   8. Although the Complaint does not state the precise dollar value of all of the claims, Plaintiff is seeking actual damages, treble damages in an amount no less than $1,500 per violation (D.C. Code § 28-3905(k)(1)(A)), punitive damages, disgorgement of profits, and an injunction prohibiting continued use of trans fats or, in the alternative, ordering Defendant to include warning labels on foods containing trans fats. Compl., Prayer for Relief ¶¶ 1-7.

   9. Plaintiff asserts a claim under the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3904, 28-3905(k)(1) ("D.C.C.P.P.A."). Under the D.C.C.P.P.A., a plaintiff may recover "treble damages, or $1,500 per violation, whichever is greater." D.C. Code § 28-3905(k)(1)(A). Plaintiff alleges that Defendant violated the D.C.C.P.P.A. by selling food items containing trans fats, Compl. ¶¶ 35-47, and will undoubtedly contend that the statutory minimum of $1,500 per violation applies to each sale of a food item containing trans fats. Under that interpretation of the D.C.C.P.P.A., the $5,000,000 jurisdictional amount requirement would be satisfied as

long as Defendant sold at least 3,334 food items containing trans fats over the course of the three-year class period. Because Plaintiff broadly alleges that the use of trans fats is a widespread practice occurring at all KFC locations within the District of Columbia, Plaintiff's claim for statutory damages under the D.C.C.P.P.A. alone meets the jurisdictional amount requirement.

10.     Plaintiff also seeks disgorgement of profits resulting from the sale of any food item containing trans fats and injunctive relief that would require Defendant to change its practices in its nationwide restaurant chain. The cost of such equitable relief to Defendant would be well in excess of $5,000,000. Particularly in light of CAFA's aggregation requirement, the cost to defendant of disgorgement of profits and injunctive relief is included in the determination of whether the jurisdictional amount has been satisfied. *Cf. Williams v. Purdue Pharma Co.*, No. Civ.A. 02-0556 (RMC), 2003 WL 24259557, at *5 (D.D.C. Feb. 27, 2003) (finding, prior to CAFA, that the jurisdictional amount requirement was met by a "common and undivided claim" for disgorgement of all profits resulting from OxyContin sales in the District of Columbia and other injunctive relief); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F. Supp. 2d 37, 42-43 (D.D.C. 1999) (finding, prior to CAFA, that a claim for general disgorgement of profits met the jurisdictional amount requirement regardless of the number of class members to be paid).

11.     Plaintiff also seeks punitive damages, as expressly permitted by the D.C.C.P.P.A. "Punitive damages are properly considered as part of the amount in controversy" so long as they are recoverable as a matter of the governing substantive law

4

and it is not clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Naegele v. Albers*, 355 F. Supp. 2d 129, 134 (D.D.C. 2005) (citing *Hartigh v. Latin*, 485 F.2d 1068, 1072 (D.C. Cir. 1973) and *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)).  Here, Plaintiff seeks punitive damages (Compl. ¶ 48), the substantive law (D.C. Code § 28-3905(k)(1)(C)) permits recovery of punitive damages, and, although Defendant strongly disputes Plaintiff's ability to recover punitive damages, a recovery of over $5,000,000 is not legally impossible.

12.     Thus, on its face, the Complaint alleges an amount in controversy, consisting of actual damages, treble damages of a minimum of $1,500 per violation, punitive damages, disgorgement, and injunctive relief having an aggregate value in excess of $5,000,000.

## II.     Diversity of Citizenship is Present

13.     Diversity of citizenship exists in class actions where "any member of a class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A).  This minimum threshold is easily met in this action.

14.     Petitioner Yum! Brands, Inc. is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located in Kentucky.  Compl. ¶ 8.  Plaintiff alleges that he is a resident of Maryland.  Compl. ¶ 7.

15.     Because Plaintiff has brought this case as a purported class action, *see* 28 U.S.C. § 1332(d)(8), because diversity exists between the defendant and at least one

member of the class, and because the CAFA jurisdictional minimum is met, the State

Court Action may be removed to this Court under the CAFA removal provisions. *See* 28

U.S.C. § 1453(b). No exception to removal under CAFA applies. 28 U.S.C. § 1453(d).

**III.    Filing with Superior Court of the District of Columbia; Right to Amend**

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

being filed with the Clerk of the Superior Court of the District of Columbia and is being

served on Plaintiff.

17. Petitioner reserves the right to amend or supplement this Notice of

Removal.

WHEREFORE, Petitioner respectfully requests that the State Court Action now

pending in the Superior Court of the District of Columbia, Civil Division, bearing case

number 0004526-06, be removed to this Court, and asks that this Court make and enter

such further orders as may be necessary and proper.


Dated:  Washington, D.C.

June 21, 2006

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP


Ada Fernandez Johnson (Bar No. 463296)
555 12th St., N.W.
Suite 1100E
Washington, D.C. 20004
Telephone: (202) 383-8000
Facsimile: (202) 383-8118

and

Roger E. Podesta
Mark P. Goodman
Jeffrey S. Jacobson
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

Exhibit A



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

ARTHUR HOYTE MD
   Vs.

C.A. No.    2006 CA 004526 B

YUM! BRANDS, INC.

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MELVIN R. WRIGHT
Date:  June 13, 2006
Initial Conference: 9:30 am, Friday, October 06, 2006
Location:  Courtroom 200
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

Caio.doc

KFC LAW DEPARTMENT      Fax:15028748323      Jun 20 2006  13:26      P.04

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

| | |
|---|---|
| Arthur Hoyte, M.D., on behalf of himself and all others similarly situated, and in the interests of the general public | |

*Plaintiff*

0004526-06

vs.

Civil Action No. [                    ]

YUM! Brands, Inc. d/b/a KFC

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Richard D. Heideman

Name of Plaintiff's Attorney

1146 19th Street NW, Fifth Floor

Address

Washington, DC 20036

202.463.1818

Telephone

By _____

Deputy Clerk

Date  6-13-06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98      NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

ARTHUR HOYTE, M.D., on behalf of himself )
and all others similarly situated, and in the inter- )
ests of the general public, )
118 Monroe Street, Apt. 1204 )
Rockville, MD 20850 )
)
)
)
)                                 Plaintiff, )
)
)
v. )
)
YUM! BRANDS, INC. d/b/a KFC, )
1441 Gardiner Lane )
Louisville, KY 40213 )
)
)
Serve: CT Corp. Systems )
            Kentucky Home Life Bldg. )
            Louisville, KY 40202 )
)
)
                                 Defendant. )
)

Civil Action No.

0004526-06

CLASS ACTION

DEMAND FOR JURY TRIAL

**CLASS ACTION COMPLAINT**

Plaintiff Arthur Hoyte, M.D., on behalf of himself and all others similarly situated, and in

the interests of the general public, alleges as follows against Defendant Yum! Brands, Inc. d/b/a

KFC ("KFC") on information and belief formed after reasonable inquiry under the circum-

stances:

**JURISDICTION AND VENUE**

1.       This Court has jurisdiction over this action pursuant to the D.C. Code §11-921

and §28-3905(k)(1).

2.       This Court has jurisdiction over KFC because it is a corporation that is authorized

to conduct, and in fact does conduct, substantial business in the District of Columbia. KFC has

sufficient minimum contacts with the District of Columbia or otherwise intentionally avails itself

- 1 -

of the consumer markets within the District of Columbia through the promotion, sale, marketing and/or distribution of its food items in the District of Columbia to render the exercise of jurisdiction by the District of Columbia courts permissible under traditional notions of fair play and substantial justice.  Dr. Hoyte does not seek judgment for himself or for any D.C. Consumer of more than $74,000 total per person, for all recovery, damages, interest, costs, or any other thing or type. Similarly, the total benefit or value to Dr. Hoyte or any D.C. Consumer is not more than $74,000 total per person, for all recovery, damages, interest, costs, or any other thing or type. The cost to defendant of all relief sought herein is less than $74,000 per person.

     3.     Venue is proper in the District of Columbia as the acts upon which this action is based occurred in the District of Columbia. Dr. Hoyte and all other D.C. Consumers purchased food items at KFC locations in the District of Columbia, which were prepared in oil containing trans fat, and were thereby injured and subjected to irreparable harm in this venue. KFC received substantial compensation and profits from sales of such food items in the District of Columbia. Thus, KFC's liability arose and continues in the District of Columbia.

### PRELIMINARY STATEMENT

     4.     Dr. Hoyte brings this class action under the laws of the District of Columbia for various forms of relief for injuries sustained as a result of KFC's use of dangerous trans fats to prepare its food items for sale to consumers in the District of Columbia.

     5.     Dr. Hoyte sues for himself, in the interests of the general public, and on behalf of all persons who purchased any food item at a KFC restaurant in the District of Columbia that was prepared with products containing trans fat ("D.C. Consumers").

     6.     All conditions precedent to the filing of this case have been performed, have occurred, or have been satisfied.

## PARTIES

7.      Plaintiff Arthur Hoyte, M.D. ("Dr. Hoyte") is a resident of Maryland. In 2004 and 2005 Dr. Hoyte purchased food products at the KFC store located at 2 Florida Ave, NE Washington, DC, 20002. This store is owned by KFC and not by a franchisee.

8.      Defendant Yum! Brands, Inc. is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located at 1441 Gardiner Lane, Louisville, Kentucky 40213. Defendant is the parent company for KFC (formerly Kentucky Fried Chicken), Pizza Hut, Long John Silver's, Taco Bell, and A&W All American Food. Because this Complaint involves KFC's ownership and operation of multiple KFC restaurants in the District of Columbia, Defendant is herein referred to as "KFC."

9.      Various individuals, partnerships, corporations and associations not named as Defendant in this Complaint have participated in the violation alleged herein and have performed acts and made statements in furtherance thereof.

## REPRESENTATIVE ACTION

10.      Dr. Hoyte brings this action for himself and as a representative plaintiff acting for the interests of the general public, seeking relief pursuant to and from KFC's use of trade practices in violation of laws of the District of Columbia, pursuant to D.C. Code §28-3905(k)(1).

## CLASS ACTION

11.      Dr. Hoyte also brings this action as a class action pursuant to Superior Court Rules of Civil Procedure 23, on behalf of himself and all other persons who purchased any food item at a KFC restaurant in the District of Columbia that was prepared with products containing trans fat ("D.C. Consumers" or "Class"), from 3 years prior to filing this case until the date of class certification ("the Class Period").

- 3 -

12.    The Class is so numerous that joinder of all members is impracticable. There are thousands of members of the Class who are geographically dispersed throughout the District of Columbia.

13.    Dr. Hoyte's claims are typical of the claims of the members of the Class because Dr. Hoyte and all Class members were injured by the same wrongful conduct of KFC alleged herein.

14.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members. Common questions include whether:

(a)    This case is actionable pursuant to D.C. Code § 28-3905(k)(1),

(b)    KFC's conduct violated D.C. Code § 28-3904,

(c)    KFC's conduct violated D.C. Code § 28:2-314,

(d)    KFC's food items prepared with trans fat are merchantable,

(e)    Dr. Hoyte and members of the Class are entitled to damages,

(f)    KFC should pay attorneys fees,

(g)    KFC should pay punitive damages,

(h)    KFC should be ordered to restore to the Class all of the monies which may have been acquired by means of KFC's unlawful trade practices, and

(i)    *Cy pres* distribution on behalf of the Class as is appropriate.

15.    Because Dr. Hoyte's claims are typical of the claims of the Class, and he has no interests adverse to or which irreconcilably conflict with the interests of other members of the Class, Dr. Hoyte is an adequate class representative.

16.    Dr. Hoyte will fairly and adequately protect the interests of the Class and has retained counsel experienced and competent in the prosecution of complex class action litigation.

17.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy and substantial benefits will derive from proceeding as a class action. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not afford to individually litigate such claims against large corporate defendants. There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient group-wide adjudication of this controversy.

## FACTS ABOUT TRANS FAT

18.    All KFC locations in the District of Columbia, both company-owned and franchised, use partially hydrogenated oil, which is very high in trans fat.

19.    Although small amounts of trans fat occur naturally in beef and dairy products, the United States Food and Drug Administration ("FDA") estimates that 80 percent of the trans fat in Americans' diets comes from partially hydrogenated oil. Treating oil with hydrogen gas results in an artificial fat that is solid or semi-solid at room temperature and has a long shelf life.

20.    In 2003, the National Academy of Health's Institute of Medicine concluded that the only safe level of trans fat in the diet is zero, and in 2004 an FDA advisory panel concluded that trans fat is even more harmful to humans than saturated fat.

21.    Health experts agree. Dr. Walter Willett, professor of nutrition and epidemiology at the Harvard School of Public Health says, "When partially hydrogenated vegetable oil was first used in foods many decades ago, it was considered safe. Now that studies have demon-

- 5 -

strated that partially hydrogenated oil is a major cause of heart disease, it should be phased out of the food supply as rapidly as possible and replaced with more-healthful oils."

22.    The amount of trans fat in KFC food items, including, but not limited to the following items, is significant:

- Three-piece Extra Crispy fried chicken dinner with a biscuit and potato wedges: 15 grams of trans fat

- Pot Pie: 14 grams of trans fat

- Large Popcorn Chicken: 7 grams of trans fat

23.    Partially hydrogenated oil is absolutely unnecessary and harmful in the food supply of products offered for public sale to the unknowing consuming public.

24.    Specifically, KFC does not need to use partially hydrogenated oil in its restaurants, and should forthwith cease and desist from this practice. There are other oils available from various suppliers that are completely free of trans fat and completely suitable for use in commercial food preparation.

25.    The only reason KFC has not made the change is economic: (1) there is a small cost of converting equipment to use liquid oil (less than $8,000 per location), and (2) liquid oil may be slightly more costly than partially hydrogenated oil.

26.    This minor cost to KFC is no excuse for using partially hydrogenated oil and exposing consumers to the deadly dangers inherent in the use of trans fat.

27.    KFC's practice is made far worse by the fact that it does not properly warn, disclose, or even tell its customers that they are eating food items prepared with the worst oil available and imaginable. No consumer can tell that partially hydrogenated oil is used, because it appears as merely a hot liquid in the frying equipment seen by consumers.

28.    Moreover, KFC has deceptively advertised and misrepresented to its customers and consumers, both in its stores and on its website, that KFC gives consumers "the best food"

- 6 -

and that KFC food products could be consumed as part of a nutritionally healthy lifestyle, yet even their "Tender Roast" and "Honey BBQ" Sandwiches contain trans fats, unknown to D.C. Consumers.

29.     American consumers have a growing awareness of trans fat and the need to avoid it. Accordingly, KFC's failure to (1) discontinue its use of products containing trans fats and (2) warn its customers that it is subjecting them to serious and unnecessary health risks, is outrageous, all to the damage of Dr. Hoyte and D.C. Consumers. It is also a violation of District of Columbia consumer protection and warranty laws, thereby entitling Dr. Hoyte and the Class to the relief requested.

## FACTS AS TO DR. HOYTE

30.     In 2004 and 2005, on more than one occasion, Dr. Hoyte purchased   food products at the KFC store located at the intersection of Florida Ave. and North Capitol Street, in Northeast Washington, D.C, and from time to time at other KFC locations in the District.

31.     When Dr. Hoyte purchased KFC food products, he was unaware that the products had been prepared with trans fat.

32.     KFC did not display any warning or disclaimer to advise consumers that the food products it was selling were prepared with trans fat.

33.     Dr. Hoyte was aware that the FDA had advised that trans fats were unhealthy and was trying to avoid consuming products that contained trans fat.

34.     By failing to disclose and warn as to its use of partially hydrogenated oil in its products, KFC damaged Dr. Hoyte by selling products that KFC knew or should have known were unhealthy, inferior, and dangerous to the health of consumers, including Dr. Hoyte. In addition, by not disclosing the use of trans fats in its food products, KFC failed to provide D.C. Con-

sumers with the information they needed to make informed decisions regarding the food products and trans fats they were consuming.

## COUNT I

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### Common Law and D.C. Code §§ 28:2-314

35.     Dr. Hoyte repeats and realleges each and every prior allegation contained in this Complaint with the same force and effect as if fully set forth herein.

36.     D.C. Code §28:2-314 provides:

(1)     Unless excluded or modified (section 28:2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2)     Goods to be merchantable must be at least such as

    (a)     pass without objection in the trade under the contract description; and

    (b)     in the case of fungible goods, are of fair average quality within the description; and

    (c)     are fit for the ordinary purposes for which such goods are used; and

    (d)     run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

    (e)     are adequately contained, packaged, and labeled as the agreement may require; and

    (f)     conform to the promises or affirmations of fact made on the container or label if any.

(3)     Unless excluded or modified (section 28:2-316), or implied warranties may arise from course of dealing or usage of trade.

37.     KFC's practices violate D.C. Code §§ 28:2-314.

- 8 -

38.   KFC created an implied warranty of merchantability to Dr. Hoyte and to other similarly situated D.C. Consumers that its food products were (1) of at least fair, average quality, (2) fit for their ordinary purpose of human consumption, and (3) adequately packaged and labeled so as to advise Dr. Hoyte and D.C. Consumers that they were consuming significant amounts of trans fat.

39.   Dr. Hoyte and D.C. Consumers, relying on KFC's implied warranty, purchased KFC food products.

40.   Notwithstanding KFC's guarantees and implied warranties, the food products purchased by Dr. Hoyte and D.C. Consumers were not (1) of at least fair, average quality, (2) fit for human consumption, and (3) adequately labeled to advise Dr. Hoyte and D.C. Consumers that they were consuming dangerous trans fat products and exposing their health to serious injury. Accordingly, KFC breached its implied warranties to Dr. Hoyte and to D.C. Consumers.

41.   As a direct, proximate and foreseeable result of KFC's breaches, Dr. Hoyte and the Class have been damaged in an amount to be determined at trial.

### COUNT II

### BREACH OF D.C. CONSUMER PROTECTION PROCEDURES ACT
### D.C. CODE § 28-3904, AND § 28-3905(K)(1)

42.   Dr. Hoyte repeats and realleges each and every prior allegation contained in this Complaint with the same force and effect as if fully set forth herein.

43.   D.C. Code § 28-3904 provides, in pertinent part:

It shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby, for any person to:

(f)   fail to state a material fact if such failure tends to mislead;

(x)   sell consumer goods in a condition or manner not consistent with that warranted by operation of sections 28:2-312 through 318 of the District of Columbia Official Code, or by operation or requirement of federal law.

44.   D.C. Code §28-3905(k)(1) provides:

A person, whether acting for the interests of itself, its members, or the general public, may bring an action under this chapter in the Superior Court of the District of Columbia seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia and may recover or obtain the following remedies:

    (A)    treble damages, or $1,500 per violation, whichever is greater, payable to the consumer;

    (B)    reasonable attorney's fees;

    (C)    punitive damages;

    (D)    an injunction against the use of the unlawful trade practice;

    (E)    in representative actions, additional relief as may be necessary to restore to the consumer money or property, real or personal, which may have been acquired by means of the unlawful trade practice; or

    (F)    any other relief which the court deems proper.

45.    KFC's practices violate D.C. Code § 28-3904, which is actionable both individually and in a representative action under D.C. Code § 28-3905(k)(1).

46.    KFC violated the D.C. Consumer Protection Procedures Act by, among other things:

    a.  Failing to state the material fact of the type of oils they were using for preparing food products, with the intent or effect of deceiving or misleading D.C. Consumers.

    b.  Selling consumer goods in a condition or manner not consistent with the implied warranty of merchantability provided in D.C. Code §§ 28:2-312- 318.

47.    Dr. Hoyte and the Class seek actual damages for their economic injuries caused by these violations in an amount to be determined at trial. They are entitled to have these damages trebled pursuant to the D.C. Code § 28-3905(k)(1)(A), but in no case less than $1,500 per violation. Neither Dr. Hoyte nor any class member seeks any monetary recovery for any personal injury, emotional harm, pain and suffering, or any other form of non-economic damage.

- 10 -

48.     Dr. Hoyte and the Class seek punitive damages pursuant to D.C. Code § 28-3905(k)(1)(C).

49.     Dr. Hoyte seeks an order directing KFC to restore or disgorge all money that may have been acquired by means of its unlawful trade practices.

50.     If there is no reasonable opportunity to award each individual member of the class an appropriate portion of the monetary relief, Dr. Hoyte seeks a *cy pres* distribution on behalf of the Class, pursuant to D.C. Code § 28-3905(k)(1)(E).

51.     KFC's past and continued failures to disclose that its food items are prepared with trans fat have caused and continue to cause irreparable harm to the consuming public, thereby entitling Dr. Hoyte and the Class to equitable relief and an injunction ordering KFC (1) to cease using trans fat products for food preparation in its stores or, in the alternative, (2) to take all necessary actions to insure that D.C. Consumers know, immediately prior to purchasing any such food, that a food is prepared with trans fat, pursuant to D.C. Code § 28-3905(k)(1)(D).

52.     KFC's acts and conduct, as described above, entitle Dr. Hoyte and the Class to an award of attorneys' fees pursuant to D.C. Code § 28-3905(k)(1)(B).

### COUNT III

### NEGLIGENT MISREPRESENTATION

53.     Dr. Hoyte repeats and realleges each and every prior allegation contained in this Complaint with the same force and effect as if fully set forth herein.

54.     At all relevant times, KFC was engaged in the business of marketing, selling, and supplying food products for retail sale and consumption to Dr. Hoyte and other D.C. Consumers.

55.     By reason of KFC's knowledge and expertise about the nutritional values of its food products and the harmful health effects associated with consuming trans fats, KFC owed a duty of care to Dr. Hoyte and D.C. Consumers that required, among other things, that KFC be

- 11 -

truthful and accurate in its representations to Dr. Hoyte and D.C. Consumers about its use of trans fat products in preparing its food products.

56.   KFC breached its duty of care to Dr. Hoyte and D.C. Consumers by negligently making material misrepresentations.

57.   Specifically, KFC, knowing that its food products contained trans fats, represented to Dr. Hoyte and D.C. Consumers that it was providing the "best food" and that its food could be consumed as part of a healthy lifestyle, when KFC knew these representations were false, misleading and deceptive.

58.   Dr. Hoyte and D.C. Consumers reasonably relied on KFC's representations.

59.   This reliance was not only foreseeable by KFC but also intended by it, and it was foreseeable to KFC that Dr. Hoyte and D.C. Consumers would rely upon its representations and that such reliance would cause injury to Dr. Hoyte and D.C. Consumers.

60.   KFC's conduct was intended to maximize sales and profit at the expense of the public's health and safety, was outrageous and performed with evil motive, intent to injure, ill will and without legal justification or excuse and without regard for the health and well being of Dr. Hoyte and D.C. Consumers.

61.   Other healthier alternatives are available to KFC for food preparation that would not expose Dr. Hoyte and D.C. Consumers to unhealthy trans fats

62.   As a direct and proximate result of KFC's marketing and sale of food products prepared with partially hydrogenated oil, Dr. Hoyte and D.C. Consumers were exposed to unknown amounts of unhealthy trans fats and have suffered or will suffer adverse health effects from said consumption.

63.   Dr. Hoyte and D.C. Consumers are therefore entitled to damages in an amount to be proven at trial, punitive damages, plus interest and costs, including attorneys' fees.

- 12 -

KFC LAW DEPARTMENT      Fax:15028748323      Jun 20 2006  13:29      P.18

## PRAYER FOR RELIEF

Plaintiff, individually and on behalf of the Class, and in the interests of the general public, prays for judgment against KFC, as follows:

1.    Awarding Plaintiff and the Class actual economic damages for defendant's violations of the D.C. Code.

2.    Trebling these economic damages as provided in the D.C. Code, in an amount of at least $1,500.00 for each violation.

3.    Awarding Plaintiff and the Class their other economic damages as requested.

4.    Awarding Plaintiff and the Class punitive damages for Defendant's willful and intentional violation of the D.C. Code.

5.    Ordering Defendant to disgorge all money that has been acquired by means of its unlawful trade practices.

6.    If there is no reasonable opportunity to distribute the amounts awarded individually to D.C. Consumers, direct a *cy pres* distribution on behalf of D.C. Consumers.

7.    Enjoining Defendant's continued use of trans fats or in the alternative ordering Defendant to take all necessary actions to insure that D.C. Consumers are warned so that they may know, immediately prior to purchasing any food prepared using trans fat, that the food is prepared with trans fat products.

8.    Granting Plaintiff and the Class the costs of prosecuting this action, together with interest and reasonable attorneys' fees and costs; and

9.    Granting other relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff and the Class demand trial by jury on all claims for which there is a right to a jury trial.

Dated: June 12, 2006

Respectfully submitted,

*Richard D. Heideman*

RICHARD D. HEIDEMAN (#377462)
NOEL J. NUDELMAN (#449969)
TRACY REICHMAN KALIK (#462055)

HEIDEMAN NUDELMAN & KALIK, P.C.
1146 19th Street, Fifth Floor
Washington, DC 20036
Telephone: 202/463-1818
202/463-2999 (fax)
attorneys@hnklaw.com

CENTER FOR SCIENCE IN THE PUBLIC INTEREST
STEPHEN GARDNER, Director of Litigation
(application for admission pending, Texas State Bar
Number 07660600)

6060 North Central Expy., Ste. 560
Dallas, Texas 75206
Telephone: 202/237-2966
214/800-2834 (fax)

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, Ada Fernandez Johnson, associated with Debevoise & Plimpton LLP, attorneys for defendant herein, certify:

I am over eighteen (18) years of age.  On the 21st day of June 2006, I caused to be served copies of the within Notice of Removal by first class mail to counsel for the other parties to this action at the following addresses:

Richard D. Heideman

HEIDEMAN, NUDELMAN & KALIK PC

1146 19th Street N.W., Fifth Floor

Washington, D.C. 20036

(202) 463-1818

Pursuant to 28 U.S.C. § 1746, I certify under the penalty of perjury that the foregoing is true and correct.

Executed on June 21, 2006.

Ada Fernandez Johnson