UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH A. FRAKER,<br><br>               Plaintiff,<br>vs.<br><br>KFC CORPORATION; YUM! BRANDS, INC.,<br><br>               Defendants. | CASE NO. 06cv1284 JM(WMc)<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO DISMISS COMPLAINT;**<br>**(2) GRANTING LEAVE TO AMEND** |

KFC Corporation and Yum! Brands Inc. (collectively "KFC") move to dismiss the first amended consumer class action complaint ("FAC") filed by Plaintiff Deborah A. Fraker. Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), this motion is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is granted with leave to amend. Plaintiff may file a second amended complaint within 20 days of entry of this order.

## BACKGROUND

Plaintiff brings this consumer class action against KFC under the Class Action Fairness Act of 2005. "KFC uses partially hydrogenated vegetable oil in its cooking process." (FAC ¶11). Plaintiff explains that partially hydrogenated vegetable oil contains trans fatty acids which raise "the levels of total blood cholesterol and LDL cholesterol. . . . According to the United States Food and Drug Administration ("FDA"), there is a direct, proven relationship between diets high in trans fat content and LDL ("bad") cholesterol levels and, therefor, an increased risk of coronary heart disease." (FAC ¶12).

Plaintiff alleges that KFC's products are high in trans fat content. (FAC ¶18). Plaintiff alleges that KFC has disclosed the trans fat content of its food products on its website and certain restaurant locations. (FAC ¶23). KFC represents that its pot pies contain 14 grams of trans fat and other products contain between 4.0 grams and 4.5 grams of trans fat. (FAC ¶18). Plaintiff represents that on January 1, 2006 the FDA began requiring food companies to list transfat content on packaged foods but that foods served at restaurants are not subject to these requirements. (FAC ¶14). Pursuant to the National Academy of Health's Institute of Medicine, the "only safe level of trans fact in the diet is zero, and in 2004, an FDA advisory panel concluded that trans fat is more harmful to humans than saturated fat." (FAC ¶16).

While other fast food companies have begun using, or have made plans to begin using oils without trans fats, "KFC has not initiated a change to such oils because of the modest relative costs involved in converting its restaurants to oils without trans facts, and the slightly higher costs of some such oils." (FAC ¶21). Plaintiff alleges that KFC has been reviewing alternative oil options, but KFC represents that a number of factors must be considered "including maintaining KFC's unique taste and flavor of Colonel Sanders' Original Recipe, supply availability and transportation, among others." (FAC ¶22).

Plaintiff alleges that KFC "does not provide any warning or disclaimer regarding the use of partially hydrogenated vegetable oil." (FAC ¶23). Rather, KFC advertises that "We still take pride in doing things The Colonel's way, utilizing only the highest quality ingredients, innovative recipes, and time-tested cooking methods." KFC also represents that "it provides the 'best food,' and that its food can be part of a healthy lifestyle, stating that, 'The good news is that all foods can fit into a balanced eating plan. That includes tacos, pizza, chicken, seafood and burgers.'" KFC also states that "You can enjoy 'fast food' as part of sensible balanced diet." (FAC ¶24).

Based upon these generally described allegations, Plaintiff asserts seven claims for violation of Bus & Prof. Code §§17200 and 17500, negligent misrepresentation, intentional misrepresentation, breach of implied warranty of fitness for purpose, unjust enrichment, and for violation of California's Consumer Legal Remedies Act. KFC moves to dismiss all claims.

1 **DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should not dismiss a complaint "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle [the party] to relief." Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), cert. denied, 496 U.S. 906 (1990). The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. See Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. See Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. See Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. See Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. See In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Allegedly Deceptive Statements**

Plaintiff alleges that the following statements are actionable:

- "We still take pride in doing things The Colonel's way, utilizing only the highest quality ingredients, innovative recipes, and time-tested cooking methods."
- KFC provides the "best food."

///

- • "The good news is that all foods can fit into a balanced eating plan. That includes tacos, pizza, chicken, seafood and burgers."
- • "You can enjoy 'fast food' as part of a sensible balanced diet."

(FAC ¶24). As a direct result of these alleged actionable statements, Plaintiff contends that she has "eaten KFC food cooked with partially hydrogenated vegetable oil and ingested high amounts of trans fats as a result." (FAC ¶26).

In order to state a claim under any of the seven causes of action asserted in the FAC, Plaintiff must identify an actionable statement. Statements that amount to "mere" puffery are not actionable because no reasonable consumer relies on puffery. See Cook Perkiss & Liehe v. N. Cal. Collection Serv., 911 F.2d 242, 245 (9th Cir. 1990) (statement "we're the low cost commercial collection experts" non-actionable puffery). As noted in Cook,

> The common theme that seems to run through cases considering puffery in a variety of contexts is that consumer reliance will be induced by specific rather than general assertions. '[A]dvertising which merely states in general terms that one product is superior is not actionable.' . . . 'However, misdescriptions of specific or absolute characteristics of a product are actionable.'

Id. at 246; Consumer Advocates v. Echostar Satellite Corp., 113 Cal.App.4th 1351 (2003) (advertisement that satellite system provided "crystal clear picture" and "CD quality" sound found to be non-actionable puffery while statements that the consumer would receive "50 channels and a 7-day schedule" were actionable specific representations and not puffery).[1] "When evaluating whether an advertising claim is literally false, the claim must be analyzed in its full context. A claim can be literally false by necessary implication." Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1145 (9th Cir. 1997). Puffery is "exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely." Id.

The court has little difficulty concluding that the statements at issue cannot reasonably be interpreted as statements of specific facts. One primary distinguishing characteristic between puffery and specific or factual claims is that a factual claim is a statement "(1) that admits of being adjudged true or false in a way that (2) admits of empirical verification."

---

[1] The court rejects Plaintiff's argument that issues of puffery cannot be resolved on a motion to dismiss. See Cook, 911 F.2d at 245.

American Italian Pasta Co. v. New World Pasta Co., 371 F.3d 387, 391 (8th Cir. 2004) (quoting Pizza Hut, Inc. v. Papa John's Int'l, Inc., 227 F.3d 489, 496 (5th Cir. 2000)) (the statement "American's Favorite Pasta" is non-actionable puffery under the Lanham Act) As explained in American Italian Pasta,

> Puffery and statements of fact are mutually exclusive. If a statement is a specific, measurable claim or can be reasonably interpreted as being a factual claim, i.e., one capable of verification, the statement is one of fact. Conversely, if the statement is not specific and measurable, and cannot be reasonably interpreted as providing a benchmark by which the veracity of the statement can be ascertained, the statement constitutes puffery. Defining puffery broadly provides advertisers and manufacturers considerable leeway to craft their statements, allowing the free market to hold advertisers and manufactures accountable for their statements, ensuring vigorous competition, and protecting legitimate commercial speech.

Id.

The statements "We still take pride in doing things The Colonel's way, utilizing only the highest quality ingredients, innovative recipes, and time-tested cooking methods" and KFC provides the "best food" are not specific, measurable claims. The claims "highest quality" and "best food" are vague, highly subjective claims not subject to empirical verification. See Glen Holly Entertainment, Inc. v. Tektronix, Inc., 100 F.Supp.2d 1086, 1093 (C.D. Cal. 1999) ("[A]ssertions that a particular product is the 'best' . . . are non-actionable opinions and a party is not entitled to rely upon them."); Anunziato v. eMachines, Inc., 402 F.Supp.2d 1133, 1140 (C.D. Cal. 2005) (holding that the qualifiers "quality," "high quality," "reliability," and "performance" are statements consisting of non-actionable puffery). Similarly, the statements that "all foods [including tacos, pizza, chicken, seafood and burgers] can fit into a balanced diet plan" and "You can enjoy fast food as part of a sensible balanced diet" are non-specific, indeterminate statements. Any reasonable recipient of these statements, even if unsophisticated, would not construe the statements as positive factual specific assertions of quality.

As emphasized by Plaintiff, context is important. Plaintiff argues that the only safe level of trans fat in the diet is zero, pursuant to a 2003 statement by the National Academy of Health's Institute of Medicine. (FAC ¶16). Further, the Secretary of the U.S. Department of Health and Human Services has stated that "two grams of trans fats per day is probably the

1 upper limit that you should have as a consumer." (FAC ¶17).  With regard to KFC's
2 disclosures of the quantities of trans fat in its products, Plaintiff does not allege that these
3 quantities are inaccurate or otherwise misleading.  Plaintiff further alleges that KFC is not
4 under a legal duty to disclose the amount of trans fat on its packaging as the "labeling
5 requirement applies only to packaged food products, and not to food served at restaurants such
6 as KFC." (FAC ¶14).

7 Even viewed in context, the statements are non-actionable puffery.  No reasonable
8 consumer would rely upon the statements as specific representations as to health, quality, or
9 safety.  The statements simply lack the sort of definite positive assertions of fact required to
10 state a claim under any of the causes of action alleged by Plaintiff.  Plaintiff's laudable efforts
11 to achieve a reduction of trans fat in the American fast food diet cannot serve as a substitute
12 for identifying actionable and misleading misrepresentations.

13 In sum, the motion to dismiss is granted with 20 days leave to amend from the date of
14 entry of this order.

15 **IT IS SO ORDERED.**

16 DATED: October 19, 2006

17 _____
18 Hon. Jeffrey T. Miller
United States District Judge

19 cc: All Parties