UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ARTHUR HOYTE, M.D. on behalf of himself and all those similarly situated, and in the interests of the general public, | : : : : : |
| Plaintiff, | : |
| v. | :   Civil Action 06-1127 (JR) |
| YUM! Brands, Inc. d/b/a KFC, | : : |
| Defendant. | : : |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE OF
NEW AUTHORITY: FRAKER V. KFC CORPORATION, ET AL.**

Dated: October 26, 2006

Respectfully Submitted,

HEIDEMAN NUDELMAN
 & KALIK, P.C.
1146 19th Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: 202-463-1818
Facsimile: 202-463-2999

By: */s/ Tracy Reichman Kalik*
   Richard D. Heideman (No. 377462)
   Noel J. Nudelman (No. 449969)
   Tracy Reichman Kalik (No. 462055)

CENTER FOR SCIENCE IN THE
PUBLIC INTEREST
Stephen Gardner, Director of Litigation
The Meadows Building
5646 Milton Street, Suite 211
Dallas, Texas 75206
Telephone: 214-827-2774
Facsimile: 214-827-2787

COMES NOW the Plaintiff, Arthur Hoyte, M.D., on behalf of himself and all those similarly situated, by and through counsel, and hereby files his Response In Opposition to Defendant's Notice of New Authority: *Fraker v. KFC Corporation, et al.* In support thereof, Plaintiff states as follows:

The Defendant, YUM! Brands, Inc. d/b/a KFC ("KFC"), filed Notice with the Court regarding the recent decision of the US District Court for the Southern District of California in *Fraker v. KFC Corp.*, Case No. 06-cv-1284 JM (WMc) (S. D. Cal. Oct. 19, 2006) ("*Fraker* Opinion"). The Defendant cites *Fraker* as new relevant authority in support of the Defendant's pending Motion to Dismiss. However, as Dr. Hoyte further explains below, *Fraker* does not apply to this matter. Accordingly, the Court should disregard the *Fraker* Opinion as non-binding caselaw that is inapposite to the instant matter.

The plaintiff in *Fraker* asserted seven claims for (1) violation of California's Business and Professional Code, §§ 17200 and 17500, (2) violation of California's Consumer Legal Remedies Act ("CLRA"), (3) negligent misrepresentation, (4) intentional misrepresentation, (5) breach of the implied warranty of fitness for purpose, and (6) unjust enrichment. For each of these claims, the *Fraker* Court held that the plaintiff was required to "identify an actionable statement." *Fraker* Op. at 4. The *Fraker* Court found the statements identified by the plaintiff to constitute non-actionable puffery, and therefore dismissed the complaint with leave to amend.

*Fraker* is distinguishable from the instant case because, as previously stated, according to the *Fraker* Court, under California law "[i]n order to state a claim under any of the seven causes of action asserted in the [*Fraker* complaint], [the *Fraker*] Plaintiff

[had to] identify an *actionable statement*." *Fraker* Op. at 4 (emphasis added).  That is not the case here, where, of the three claims asserted by Dr. Hoyte, the only claim that could involve statements made by KFC is Plaintiff's claim for negligent misrepresentation.  However, even this claim does not require an affirmative statement because under District of Columbia law, liability for negligent misrepresentation can be premised on *either* a false statement *or* an omission of material fact.  *Redmond v. State Farm Ins.*, 728 A.2d 1202, 1207 (D.C. 1999).[1]

Neither of Dr. Hoyte's remaining claims for breach of the implied warranty of merchantability (Count I) and for KFC's violation of the D.C. Consumer Protection Procedures Act ("DCCPPA") (Count II) requires any sort of affirmative statement for the Plaintiff to state a claim for which relief may be granted.[2]  Accordingly, Dr. Hoyte respectfully submits that the *Fraker* Opinion could only potentially apply to the Plaintiff's claim for negligent misrepresentation.  A review of the allegations contained in

---

[1] In cases where the plaintiff does identify a material misrepresentation, DC law does not require that the negligent misrepresentation claim be pled with particularity.  *Burlington Insurance Co. v. Okie Dokie, Inc.*, 329 F. Supp. 2d 45, 50 (D.D.C. 2004); *Burman v. Phoenix Worldwide Industries, Inc.* 384 F. Supp. 2d 316, 336-37 (D.D.C. 2005).

[2] The implied warranty of merchantability arises, as the name suggests, by implication.  Dr. Hoyte alleges that KFC breached this implied warranty because "the food products purchased by Dr. Hoyte and D.C. Consumers were not (1) of at least fair, average quality, (2) fit for human consumption, and (3) adequately labeled to advise Dr. Hoyte and D.C. Consumers that they were consuming dangerous trans fat products and exposing their health to serious injury."  Compl. ¶ 40.

With regard to Count II, the DCCPPA imposes liability for, among other things, "fail[ure] to state a material fact if such failure tends to mislead . . . ."  D.C. Code § 29-304(f).  Accordingly, Dr. Hoyte properly alleged that KFC violated the DCCPPA by, "among other things: (a) [f]ailing to state the material fact of the type of oils they were using for preparing food products, with the intent or effect of deceiving or misleading D.C. Consumers."  Compl. ¶ 46.

In addition, Dr. Hoyte seeks equitable relief under the DCCPPA because "KFC's past and continued failures to disclose that its food items are prepared with trans fat have caused and continue to cause irreparable harm to the consuming public . . . ."  Compl. ¶ 51.

3

Dr. Hoyte's Complaint, however, demonstrates that the *Fraker* Opinion does not even apply to that claim.

In dismissing the plaintiff's complaint with leave to amend, the *Fraker* Court considered the statements identified by the plaintiff in the context in which they were made, taking special note that the plaintiff in that case (1) acknowledged that KFC disclosed the quantities of trans fats in its products in a way that was not "inaccurate or otherwise misleading" and (2) conceded that KFC had no duty to disclose the level of trans fats on its packaging.    *Fraker* Op. at 6.

By contrast, Dr. Hoyte vigorously disputed these specific issues in his Opposition to the Defendant's Motion to Dismiss by stating, among other things, that KFC breached its existing duty to warn its consumers of the presence of trans fats in its foods, and any alleged disclosure by KFC on its web site regarding its use of partially hydrogenated oil and the trans fat content in its foods was inadequate and unreliable.  Pltf's Opp'n at I.

Moreover, the allegations in Dr. Hoyte's Complaint include, but are not limited to, the following:

1. KFC "does not properly warn, disclose, or even tell its customers that they are eating food items prepared with the worst oil available and imaginable. No consumer can tell that partially hydrogenated oil is used, because it appears as merely a hot liquid in the frying equipment seen by consumers."  Compl. ¶ 27.

2. "KFC has deceptively advertised and misrepresented to its customers and consumers, both in its stores and on its website, that KFC gives consumers 'the best food' and that KFC food products could be consumed as part of a

4

nutritionally healthy lifestyle, yet even their 'Tender Roast' and 'Honey BBQ' Sandwiches contain trans fats, unknown to D.C. Consumers." Compl. ¶ 28.

3. "By reason of KFC's knowledge and expertise about the nutritional values of its food products and the harmful health effects associated with consuming trans fats, KFC owed a duty of care to Dr. Hoyte and D.C. Consumers that required, among other things, that KFC be truthful and accurate in its representations to Dr. Hoyte and D.C. Consumers about its use of trans fat products in preparing its food products." Compl. ¶ 55.

Accordingly, Dr. Hoyte's allegations clearly do not suffer from the same defects that the *Fraker* Court found fatal to the plaintiff's claims in that case, and this Court should disregard the *Fraker* Opinion as inapplicable to Dr. Hoyte's case. For a detailed discussion of why the Court should also deny the Defendant's Motion to Dismiss, Plaintiff respectfully refers the Court to Plaintiff's Opposition to the Defendant's Motion to Dismiss.

## **CONCLUSION**

Therefore, for the reasons set forth above, and for those to be set out more particularly in such hearing as the Court may assign to be held on this matter, Plaintiff respectfully requests that this Court disregard Defendant's Notice of New Authority: *Fraker v. KFC Corporation, et al.*

Dated: October 26, 2006	Respectfully Submitted,

        HEIDEMAN NUDELMAN
         & KALIK, P.C.
        1146 19th Street, N.W., Fifth Floor
        Washington, DC 20036
        Telephone: 202-463-1818
        Facsimile: 202-463-2999

        By: */s/ Tracy Reichman Kalik*
          Richard D. Heideman (No. 377462)
          Noel J. Nudelman (No. 449969)
          Tracy Reichman Kalik (No. 462055)

        CENTER FOR SCIENCE IN THE
        PUBLIC INTEREST
        Stephen Gardner, Director of Litigation
        The Meadows Building
        5646 Milton Street, Suite 211
        Dallas, Texas 75206
        Telephone: 214-827-2774
        Facsimile: 214-827-2787

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of October, a copy of the forgoing was served via the ECF filing system of the United States District Court for the District of Columbia on counsel for the Defendant:

Roger E. Podesta
Mark P. Goodman
Erich O. Grosz
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

Ana Fernandez Johnson
Debevoise & Plimpton, LLP
555 12th Street, NW
Suite 1100E
Washington, DC 20004

                                                          _/s/Tracy Reichman Kalik___
                                                         Tracy Reichman Kalik