IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR HOYTE, M.D., on behalf of himself and all others similarly situated, and in the interests of the general public, )<br><br>Plaintiff,<br><br>v.<br><br>YUM! BRANDS, INC. d/b/a KFC,<br><br>Defendant. | Civil Action No. 06-1127 (JR) |

## MOTION TO STAY DISCOVERY

PLEASE TAKE NOTICE that, upon the accompanying Declaration of Roger E. Podesta, dated February 5, 2007, the Statement of Points and Authorities in Support of Yum! Brands, Inc.'s Motion to Stay Discovery, and all the other papers and proceedings had herein, defendant, Yum! Brands, Inc. ("KFC") will move this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, at a time and place to be set by the Court, for an Order staying discovery pending the Court's determination of KFC's motion to dismiss the Complaint.

Dated: New York, New York
February 5, 2007

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

/s/ Roger E. Podesta
By:    Roger E. Podesta
        Mark P. Goodman
        (admitted pro hac vice)

919 Third Avenue
New York, N.Y. 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

/s/ Ada Fernandez Johnson
By:    Ada Fernandez Johnson
        (Bar No. 463296)

555 13th St., N.W.
Suite 1100E
Washington, D.C. 20004
Tel: (202) 383-8000
Fax: (202) 383-8118

Attorneys for Defendant Yum! Brands, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR HOYTE, M.D., on behalf of himself and all others similarly situated, and in the interests of the general public, <br><br> Plaintiff, <br><br> v. <br><br> YUM! BRANDS, INC. d/b/a KFC, <br><br> Defendant. | ) ) ) ) ) Civil Action No. 06-1127 (JR) ) ) ) ) ) ) ) ) |

STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
YUM! BRANDS, INC.'S MOTION TO STAY DISCOVERY

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, N.Y. 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

555 13th St., N.W.
Suite 1100E
Washington, D.C. 20004
Tel: (202) 383-8000
Fax: (202) 383-8118

Attorneys for Defendant Yum! Brands, Inc.

Dated: February 5, 2007

STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
YUM! BRANDS, INC.'S MOTION TO STAY DISCOVERY

Defendant Yum! Brands, Inc. ("KFC") submits this Statement of Points and Authorities in support of its motion to stay discovery, pursuant to Federal Rule of Civil Procedure 26(c), pending the Court's determination of KFC's motion to dismiss the Complaint with prejudice, which was fully briefed on September 26, 2006, and is currently sub judice. Notwithstanding that KFC has filed a substantial motion to dismiss Plaintiff's Complaint in its entirety, and that the Court is currently considering but has not yet decided that motion, Plaintiff now is attempting to begin full-blown discovery. On January 11, 2007, without any prior communication with KFC concerning discovery, Plaintiff served KFC with a wide-ranging set of twenty-seven requests for production of documents, a set of eight requests for admission, and a notice of deposition of Doug Hasselo, whom Plaintiff characterizes as "chief food innovation officer of defendant," purporting to schedule Mr. Hasselo's deposition for March 6, 2007. See Plaintiff's discovery requests, attached as Exhibit A to the Declaration of Roger E. Podesta. For the parties to embark upon discovery at this point – when it is not known whether any of Plaintiff's claims will proceed – would be a tremendous waste of resources. Furthermore, Plaintiff cannot establish that he would be prejudiced by a brief stay. Accordingly, the Court should exercise its discretion to stay discovery pending its resolution of KFC's motion to dismiss the Complaint.

ARGUMENT

I.  Discovery Should Be Stayed Pending The Court's Resolution Of KFC's Fully Dispositive And Substantial Motion To Dismiss.

"It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." Anderson v. United States Attorneys Office, Civ. A. No. 91-2262-LFO, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) (granting stay pending resolution of defendants' motion to dismiss) (citing Brennan v.

Local Union No. 639, Int'l Brotherhood of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974), cert. denied, 429 U.S. 1123 (1977)). Here, KFC has filed a substantial motion to dismiss that, if granted, would fully dispose of Plaintiff's claims.[1] Plaintiff should not be permitted to begin discovery when, for the reasons stated in KFC's motion, Plaintiff's Complaint may well be dismissed in its entirety. Even if some portion of the Complaint survives KFC's motion to dismiss, it is not clear at this point which claims, if any, would remain pending. It would be an inefficient use of time and resources for the parties to undertake the substantial and costly tasks of discovery – e.g., serving and responding to discovery demands, collecting and producing documents and other records, preparing and presenting witnesses for deposition – when the Court has not yet determined which, if any, claims will proceed.

A stay under these circumstances would be entirely consistent with established case law in this District and federal courts generally. See, e.g., Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2-5 (D.D.C. 2001) (granting stay of discovery pending resolution of motions to dismiss); Anderson, 1992 WL at *1 (same); Maljack Productions, Inc. v. Motion Picture Assoc. of Am., Civ. A. No. 90-1121, 1990 WL 157900 at *1 (D.D.C. Oct. 3, 1990) (same). As the court in Chavous stated when it stayed discovery pending the resolution of dispositive motions:

> It is settled that entry of an order staying discovery pending
> determination of dispositive motions is an appropriate exercise of
> the court's discretion: A trial court has broad discretion and
> inherent power to stay discovery until preliminary questions that

---

[1] Indeed, the United States District Court for the Southern District of California recently granted a motion to dismiss the complaint in the only other lawsuit against Yum! Brands, Inc. or KFC Corporation making allegations about the trans fat content of food served at KFC restaurants. See Fraker v. KFC Corp., Case No. 06cv1284 JM (WMc) (S.D. Cal. Oct. 19, 2006) (attached to Yum! Brands, Inc.'s Notice of New Authority, dated October 23, 2006).

2

> may dispose of the case are determined. Petrus v. Bowen, 833
> F.2d 581, 583 (5th Cir. 1987) (citations omitted); see Ladd v.
> Equicredit Corp. of Am., No. CIV. A. 00-2688, 2001 WL 175236,
> at *1 (E.D. La. Feb. 21, 2001); White v. Fraternal Order of Police,
> 909 F.2d 512, 517 (D.C. Cir. 1990). . . . A stay of discovery
> pending the determination of a dispositive motion is an eminently
> logical means to prevent wasting the time and effort of all
> concerned, and to make the most efficient use of judicial resources.
> . . . A stay of discovery in the circumstances presented here
> furthers the ends of economy and efficiency, since if either . . .
> dispositive motion is granted, there will be no need for discovery.

201 F.R.D. at 2, 5. Similarly, here, a stay pending the resolution of KFC's fully dispositive motion to dismiss would avoid a substantial waste of resources and promote the efficient, orderly resolution of this case.

When courts have declined to stay discovery during the pendency of a motion to dismiss, one or more of the following factors typically have been present: (1) the motion to dismiss, even if successful, would dispose of only a portion of the case; (2) the plaintiffs demonstrated that they would be unable to oppose the motion to dismiss without access to discovery; and/or (3) the plaintiffs showed that they would suffer undue prejudice if discovery were stayed. Cf. Chavous, 201 F.R.D. at 3-5 ("Plaintiffs have failed to articulate any reason which would warrant a departure from the authorities which hold that a trial court properly exercises its discretion to stay discovery where a motion which would be entirely dispositive if granted is pending; the discovery is not needed to permit the party who seeks discovery to oppose the pending dispositive motion; and the party who seeks discovery would not be prejudiced by a stay.").

None of those three factors are present here. First, KFC's motion to dismiss, if successful, would fully dispose of this case. Second, Plaintiff cannot claim that he needs discovery in order to oppose KFC's motion to dismiss: Plaintiff has already filed his opposition papers, and obviously was able to do so without any discovery. Third, Plaintiff would not be unduly prejudiced by deferring discovery for a short additional period while the Court

determines whether any of Plaintiff's claims may proceed. The money damages that he seeks purportedly arise from his consumption of KFC food containing trans fat on several occasions in 2004 and 2005 and he has not sought any preliminary injunctive relief. To the extent that he experienced any compensable harm from eating the food – which KFC adamantly denies – such harm already has been incurred. Since serving his Complaint on June 16, 2006, more than seven months ago, Plaintiff has been content to proceed through motion practice without commencing discovery. Nothing has changed that would make discovery necessary or appropriate at this point, and the Court should exercise its discretion to defer discovery until after KFC's motion to dismiss has been resolved.

Moreover, Plaintiff's failure to comply with Rules 26(d) and (f) of the Federal Rules of Civil Procedure reinforces the appropriateness of a stay of discovery. Rule 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." To date, there has been no Rule 26(f) conference in this case. Indeed, prior to service of his sweeping discovery demands, Plaintiff made no attempt to communicate with KFC about discovery. The required Rule 26(f) conference will be far more meaningful after KFC's motion has been resolved, at which point, if any claims remain pending, the parties may confer with each other and the Court regarding an orderly and appropriate plan for discovery.

Finally, KFC counsel has tried unsuccessfully to resolve the subject matter of this motion without court intervention in accordance with Rule 26(c). KFC counsel requested that Plaintiff's counsel agree to stay all discovery pending the resolution of KFC's dispositive motion to dismiss. Plaintiff's counsel denied that request. See Declaration of Roger E. Podesta, at ¶4-5.

CONCLUSION

For the foregoing reasons, discovery should be stayed pending the Court's determination of KFC's motion to dismiss the Complaint, which is currently sub judice.

Dated: New York, New York
       February 5, 2007

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

/s/ Roger E. Podesta
By:   Roger E. Podesta
       Mark P. Goodman
       (admitted pro hac vice)

919 Third Avenue
New York, N.Y. 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

/s/ Ada Fernandez Johnson
By:   Ada Fernandez Johnson
       (Bar No. 463296)

555 13th St., N.W.
Suite 1100E
Washington, D.C. 20004
Tel: (202) 383-8000
Fax: (202) 383-8118

Attorneys for Defendant Yum! Brands, Inc.