# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARTHUR HOYTE, M.D. on behalf of          :
himself and all those similarly situated,     :
                                                             :
              Plaintiff,                            :
                                                             :
v.                                                          :          Civil Action 06-1127 (JR)
                                                             :
YUM! Brands, INC. d/b/a KFC,              :
                                                             :
              Defendant.                          :
                                                             :
_____        :

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT YUM BRANDS, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant Yum Brands, Inc. produce the following documents and things within thirty (30) days of service hereof, and in accordance with the definitions and instructions contained herein.

## INSTRUCTIONS

A.   Unless otherwise indicated, these Requests refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

B.   Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents and any representatives and, unless privileged, their attorneys.  When a response is made by a corporate defendant, state the name, address and title of the persons supplying the information and making the affidavit, and the source of this information.

C.   The pronoun "YOU" refers to the party to whom these Requests are addressed, and the persons mentioned in Instruction (B).

D. All documents and things shall be produced as they are kept in the usual course of business and shall be organized to correspond with the numbered paragraphs of these Requests. If there are no documents responsive to any particular Requests, you shall so state in writing.

E. In the event that any Request is not responded to or portion thereof is not responded to on the basis of any privilege or otherwise claimed to be protected against disclosure, such information shall be identified by stating: (i) the nature of the privilege or reason for withholding which you contend applies; (ii) the factual basis for your assertion of privilege or the reason for withholding; (iii) the type of document (e.g. letter, memorandum, telex, etc.); (iv) all authors and their addresses; (v) all indicated and blind copies; (vi) all persons to whom the documents were distributed, shown or explained; (vii) the document's date; (viii) a summary description of the document's subject matter; (ix) the number of pages and attachments or appendices comprising the documents; and (x) the documents present custodian.

F. In the event that any document called for by any Request has been destroyed, lost, or discarded, such document shall be identified by stating all of the information requested in subparagraphs (iii) through (x) of Instruction E and, in addition, (xi) its date of destruction of discard, manner of destruction or discard and reason for destruction or discard; and (xii) the persons who authorized and carried out such destruction or discard.

H. If any Request cannot be complied with in full, it shall be complied with to the extent possible, and an explanation shall be given as to why full compliance is not possible.

I. These Requests are continuing in nature so as to require you to provide supplemental production should you acquire different or additional information before trial.

## DEFINITIONS

For the purpose of these Document Requests, the following definitions will apply:

1. "Person" means a natural person, a group of natural persons acting as individuals, a group of natural person acting in collegial capacity (e.g., as a committee [board of directors], a corporation, partnership, proprietorship, joint venture, firm, association, government agency and/or any other business, government or social entity, and any employee or agent thereof).

2. "Document" means the original and all non-identical copies of any written, typed, printed, photocopied, photographic or tape recorded matter of any kind, including, but not limited to, letters, envelopes, forms, affidavits, correspondence, telegraphs, paper communications, signed statements, tabulations, charts, memoranda, checks, appointment books, records, proposals, memoranda or transcriptions by a mechanical device, by longhand or shorthand recording, tape recorded or by electronic or any other means, computer generated information, computer software, computer programs, inter-office communications, all summaries of oral communications, telephonic or otherwise, microfiche, microfilm, lists, bulletins, calendars, circulars, desk pads, opinions ledgers, minutes, agreements, journals, diaries, napkins, contracts, invoices, balance sheets, telephone messages or other messages, magazines, pamphlets, articles, notices, newspapers, studies, summaries, work sheets, telexes, cables and all other graphic

3

materials, writings and instruments, however, produced or reproduced, and whether a draft or final version.

3. "Identify" means:

a. With respect to the natural person: their full name, their present or last known residence address, their present or last known job title and responsibilities, the address of their present or last known employer, their job title and responsibilities at the time in question, the address of their employer at that time;

b. With respect to a corporation: its full name, its state of incorporation, its place of business, and the identity of the person in such organization who is believed to have the most active knowledge of the matters in question;

c. With respect to a partnership: all of the information requested in the immediately preceding subpart, with the exception of state of incorporation, and the addition of the names of each partner;

d. With respect to a person or entity other than a natural person, corporation or partnership: its official name, its organization, and its address, and the identity of the person in such organization who is believed to have the most extensive knowledge of the matter in question;

e. With respect to a document: (1) the nature of the document, the substance of its contents, its date and place of preparation, its author and recipients, serial or file number and the identity of its present location and custodian, or (2) in lieu thereof, production of the document;

f. With respect to a communication: the manner of the communication, the date of and the parties to the communication, where it took place, its substance, and the identification of all documents that relate to the communication.

4. "Relating" or "Concerning" means pertaining, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, referencing or referring to in any way.

5. "Describe" means, in the case of an act, event, transaction, relationship, thing or occurrence:

a. A detailed description, including identification of dates, places, persons involved, and means employed;

b. Identification of all sources of information concerning such act, event, transaction, thing or occurrence, including the date such information was received;

c. Identification of each person having knowledge of such act, event, transaction, thing or occurrence, and;

d. Identification of each communication and each document relating to such act, event, transaction, thing or occurrence..

6. "You" and "your" means defendant Motorola as well as its parents, subsidiaries, related companies, agents, employees, representatives, and all other persons in active concert and participation with the defendant.

7. "And" includes "or" and vice versa; the singular form includes the plural and vice versa; the masculine includes the feminine and vice versa; the past tense of verbs includes the present tense and vice versa.

8. "Including" means including, without limitation.

5

9. "Plaintiffs" refers to Arthur Hoyte and proposed class members.

10. "Defendant" refers to Yum! Brands, Inc. a corporation organized and incorporated under the laws of the State of North Carolina.

11. "KFC" refers to the Yum! Brands subsidiary formally known as Kentucky Fried Chicken.

12. "KFC outlets" refers to retail establishments, whether they are sit-down restaurants or counter service only food operations, where KFC food products are sold to the general public.

13. "Menu boards" refers to the above the counter listing of food products that is posted and displayed to the general public for use in ordering KFC food products at KFC outlets.

14. "Trans fat" refers to partially hydrogenated vegetable oil used by KFC in cooking and making its food products.

15. "KFC food products" refers to the food menu items offered by KFC in its KFC outlets for public consumption.

16. "Frying medium" means the oil, shortening and/or fat product used for producing KFC's fried food products.

17. Fried chicken product" means all varieties of fried chicken offered at KFC restaurants, including but not limited to, Original Recipe™, Extra Crispy™ of KFC, flavored chicken wings, popcorn chicken and chicken strips.

## DOCUMENT REQUESTS

1.  Please produce true, complete and correct copies of any and all documents
    Defendant provided to each and every individual you intend to call as an expert
    witness at any proceeding of this litigation.

<u>Response:</u>

2.  Please produce true, complete and correct copies of the curriculum vitae of each
    and every individual you intend to call as an expert witness at any proceeding of
    this litigation.

<u>Response:</u>

3.  Please produce true, complete and correct copies of any and all documents that
    refer to, relate to and/or concern the use of trans fats as a frying medium for
    cooking KFC's food products.

<u>Response:</u>

4.  Please produce true, complete and correct copies of any and all documents that
    refer to, relate to and/or concern the use of trans fats as an added ingredient to
    KFC's food products.

<u>Response:</u>

5.  Please produce true, complete and correct copies of any and all documents that refer to, relate to and/or concern the design of the fryers used by KFC outlets, including franchises, including, but not limited to, any and all documents which specify the frying medium that is to be utilized.

Response:

6.  Please produce a copy of all recipes used for making and/or cooking KFC's fried chicken products.

Response:

7.  Please produce a copy of any recipe that is utilized by KFC and that specifically calls for the use of trans fats in manufacturing a KFC food product.

Response

8.  Please produce a copy of any study or research that has been conducted by the Defendant, or any agent or representative of the Defendant, that studied the effect of trans fat on the taste of any KFC food product.

Response

8

9.  Please produce a copy of any study or research that has been conducted by the
    Defendant, or any agent or representative of the Defendant, that has studied the
    health effects of consumption of trans fats.

Response

10. Please produce a copy of any disclosures that the Defendant displayed in its KFC
    food outlets which disclosed the existence of trans fats in KFC food products.

Response

11. Please produce a copy of all documents and things which support that KFC
    provides the "best food" and that its food could be consumed as part of a healthy
    lifestyle.

Response

12. Please produce a copy of all documents and things which relate to the testing that was done regarding the use of low linolenic soybean oil as a frying medium for cooking KFC food products.

Response:

13. Please produce true, complete and correct copies of any and all documents that refer to, relate to and/or concern any anticipated health risks associated with the consumption of trans fats.

Response:

14. Please produce a copy of all statements made by the Defendant regarding its decision to cease using trans fats as a frying medium in its KFC food outlets.

Response:

15. Please provide a copy of any and all documents provided since the year 2000 to any municipal or state Board of Health, including, but not limited to, the New

York Board of Health and the Chicago Board of Health which describe or discuss the presence of trans fats in KFC food products.

<u>Response:</u>

16. If you contend that KFC is using, or has used, trans fats in KFC food products because of taste, please produce all documents that support this contention.

<u>Response:</u>

17. Please provide copies of all documents you are in possession of in which a person, organization and/or government agency advised the defendant that the trans fat products being used in KFC's food products were unhealthy.

<u>Response:</u>

18. Please provide copies of any and all documents that relate to any advertising/marketing campaign that was initiated by the defendant to advise consumers of the presence of trans fats in KFC food products and the health effects of consuming these food products.

Response:

19. Please provide copies of any reports or other writings that you are aware of that purport to evaluate the nutritional values of KFC's food products.

Response:

20. Please provide a copy of any all documents that show the total revenue for the years 2000-2006 generated by the KFC food outlets located in the District of Columbia.

Response:

21. Please provide a copy of any and all documents that relate to any franchise ownership of KFC food outlets in the District of Columbia.

Response:

22. Please provide a copy of any and all documents that are provided to KFC franchise owners that specify (a) the type of frying medium that franchise owners must using when preparing KFC food products; (b) the frying machines that franchise owners must use when preparing KFC food products; and (c) the suppliers for the frying medium that franchise owners must use when purchasing the frying medium utilized be their KFC outlet.

Response:

23. Please provide copies of all documents received by the defendant since January 1, 2000, relating to Complaints lodged with the Defendant regarding the use of trans fats in KFC food products.

Response:

24. Please produce all documents and things relating to the trans fat taste test done by the franchisee advisory council in the fall of 2006.

Response:

25. Please produce all documents and things relating to the testing of canola oil as a frying medium that was done be KFC from the year 2004 to the present.

Response:

26. Please produce the *curriculm vitae* and/or resume of Doug Hasselo, chief food-innovation officer of KFC.

Response:

27. Please produce all documents and things written by Doug Hasselo, regarding the use of trans fats in KFC food products.

Response:

Dated: January 11, 2007

Respectfully submitted,

HEIDEMAN NUDELMAN
& KALIK, P.C.
1146 19th Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: 202-463-1818
Facsimile: 202-463-2999

By: _____  1/11/07

Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

15

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of January, a copy of the forgoing was

served via United States First Class mail on counsel for the Defendant:

Ana Fernandez Johnson
DEBEVOISE & PLIMPTON, LLP
555 12th Street, NW
Suite 1100E
Washington, DC  20004


Mark P. Goodman
DEBEVOISE & PLIMPTON LLP
919 Third Ave.
New York, NY 10022

Tracy Reichman Kalik

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARTHUR HOYTE, M.D. on behalf of          :
himself and all those similarly situated,    :
                                         :
            Plaintiff,                   :
                                         :
v.                                       :          Civil Action 06-1127 (JR)
                                         :
YUM! Brands, INC. d/b/a KFC,             :
                                         :
            Defendant.                   :
                                         :
_____        :

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT, YUM! BRANDS, INC. d/b/a KFC

Plaintiff, by and through its undersigned counsel, and pursuant to Rule 36 of the

Federal Rules of Civil Procedure, requests that Defendant, YUM! Brands, Inc. d/b/a KFC

answer the following Requests for Admission ("Requests') set forth below, by admitting

or denying the truth of the factual statement set forth in each Request, in writing, and

verifying as true the written responses by causing those responses to be signed by counsel

for the Defendant, within thirty (30) days following the receipt of service of these

Requests.

## INSTRUCTIONS

A.       Pursuant to Rule 36 of the Federal Rules of Civil Procedure, within

thirty (30) days following the receipt of service of these Requests, each

Request shall be admitted unless You serve a written answer in which

You expressly deny the matter, object to the Request and set forth the

legal basis for each objection asserted, or state that You lack sufficient

information upon which to either admit or deny the matter.

B.          If an objection is made to a Request, the legal grounds and all reasons for such objection shall be stated in writing.

C.          Each answer to a Request shall specifically admit or deny the factual matter set forth in the Request or set forth in detail the reasons why You cannot truthfully admit or deny the matter.

D.          A denial shall fairly meet the substance of the requested admission, and when good faith requires, You may admit or deny only part of the Request by expressly specifying the part of the Request as admitted and qualifying or denying the remainder of the fact set forth in Your response to the Request.

## DEFINITIONS

For the purpose of these Requests for Admission, the following definitions will apply:

1. "Person" means a natural person, a group of natural persons acting as individuals, a group of natural person acting in collegial capacity (e.g., as a committee [board of directors], a corporation, partnership, proprietorship, joint venture, firm, association, government agency and/or any other business, government or social entity, and any employee or agent thereof).

2. "Document" means the original and all non-identical copies of any written, typed, printed, photocopied, photographic or tape recorded matter of any kind, including, but not limited to, letters, envelopes, forms, affidavits, correspondence, telegraphs, paper communications, signed statements, tabulations, charts, memoranda, checks, appointment books, records, proposals, memoranda or transcriptions by a mechanical device, by longhand or shorthand recording, tape recorded or by electronic or any other means,

computer generated information, computer software, computer programs, inter-office communications, all summaries of oral communications, telephonic or otherwise, microfiche, microfilm, lists, bulletins, calendars, circulars, desk pads, opinions ledgers, minutes, agreements, journals, diaries, napkins, contracts, invoices, balance sheets, telephone messages or other messages, magazines, pamphlets, articles, notices, newspapers, studies, summaries, work sheets, telexes, cables and all other graphic materials, writings and instruments, however, produced or reproduced, and whether a draft or final version.

3. "Action" refers to the particular action in which these Requests have been served, *i.e.*, the action within which the party responding to these Requests has been named as a defendant.

4. "Complaint" means the complaint, or the amended complaint where appropriate, filed in the above captioned Action.

5. "You" and "your" means defendant YUM! Brands, Inc. as well as its parents, subsidiaries, related companies, agents, employees, representatives, and all other persons in active concert and participation with the defendant.

6. "And" includes "or" and vice versa; the singular form includes the plural and vice versa; the masculine includes the feminine and vice versa; the past tense of verbs includes the present tense and vice versa.

7. "Including" means including, without limitation.

9. "Plaintiffs" refers to Arthur Hoyte and proposed class members.

10. "Defendant" refers to Yum! Brands, Inc. a corporation organized and incorporated under the laws of the State of North Carolina.

3

11. "KFC" refers to the Yum! Brands subsidiary formerly known as Kentucky Fried Chicken.

12. "KFC outlets" refers to retail establishments, whether they are sit-down restaurants or counter service only food operations, where KFC food products are sold to the general public.

13. "Menu boards" refers to the above the counter listing of food products that is posted and displayed to the general public for use in ordering KFC food products at KFC outlets.

14. "Trans fat" refers to partially hydrogenated vegetable oil.

15. "KFC food products" refers to the food offered by KFC for consumption.

16. "Frying medium" means the oil, shortening and/or fat product used for cooking KFC's fried food products.

17. "Fried chicken product" means all varieties of fried chicken offered at KFC restaurants, including but not limited to, Original Recipe™, Extra Crispy™ of KFC, flavored chicken wings, popcorn chicken and chicken strips.

## REQUESTS FOR ADMISSION

### Request for Admission No. 1.

You admit that as of June 2006, you used trans fat as the frying medium for cooking fried chicken products in KFC outlets.

Response:

**Request for Admission No. 2.**

You admit that in June 2006, you stated that one of the reasons that you used trans fat as the frying medium for cooking fried chicken products in KFC outlets was for flavor purposes.

    <u>Response:</u>

**Request for Admission No. 3.**

You admit that the recipe for KFC Original Recipe™ fried chicken was developed in 1940.

    <u>Response:</u>

**Request for Admission No. 4.**

You admit that when Original Recipe™ fried chicken was first developed it did not call for the use of trans fat as the frying medium.

    <u>Response:</u>

**Request for Admission No. 5.**

You admit that at least as early as 2004 you were testing trans fat free cooking oils to use as a frying medium because of customer health concerns.

Response:

**Request for Admission No. 6.**

You admit that one of the reasons that trans-fat free frying mediums have not been used by KFC was because of cost considerations.

Response:

**Request for Admission No. 7**.

You admit that you were aware that KFC customers were concerned about consuming trans fats.

Response:

**Request for Admission No. 8.**

You admit that the amount of trans fats contained in each KFC food product is not

displayed on the menu boards displayed in KFC outlets located in the District of

Columbia.

 Response:

Dated: January 11, 2007     Respectfully Submitted,

            HEIDEMAN NUDELMAN
            & KALIK, P.C.
            1146 19th Street, N.W., Fifth Floor
            Washington, DC 20036
            Telephone: 202-463-1818
            Facsimile: 202-463-2999

            By:_____  1/11/07
             Richard D. Heideman (No. 377462)
             Noel J. Nudelman (No. 449969)
             Tracy Reichman Kalik (No. 462055)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of January, a copy of the forgoing was

served via United States First Class mail on counsel for the Defendant:

Ana Fernandez Johnson
DEBEVOISE & PLIMPTON, LLP
555 12th Street, NW
Suite 1100E
Washington, DC 20004


Mark P. Goodman
DEBEVOISE & PLIMPTON LLP
919 Third Ave.
New York, NY 10022



Tracy Reichman Kalik

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARTHUR HOYTE, M.D. on behalf of          :
himself and all those similarly situated,    :
                                         :
            Plaintiff,                   :
                                         :
v.                                       :        Civil Action 06-1127 (JR)
                                         :
YUM! Brands, INC. d/b/a KFC,             :
                                         :
            Defendant.                   :
_____      :

## PLAINTIFF'S NOTICE OF DEPOSITION OF DOUG HASSELO

TO:  Doug Hasselo
     c/o Mark P. Goodman
     DEBEVOISE & PLIMPTON LLP
     919 Third Ave.
     New York, NY 10022

Date:  January 11, 2006

        Please take notice that on March 6, 2007 at 9:30 a.m., and continuing until

complete, the oral deposition of Doug Hasselo, chief food innovation officer of

defendant, KFC will be taken at the offices of Heideman Nudelman Kalik, 1146 19th

Street, NW, 5th Floor, Washington, DC  20036 pursuant to the Federal Rules of Civil

Procedure before a Notary Public or some other officer authorized by law to administer

oaths.  The oral examination will continue from day to day until completed.

                                Respectfully submitted,

                                HEIDEMAN NUDELMAN
                                 & KALIK, P.C.
                                1146 19th Street, N.W., Fifth Floor
                                Washington, DC 20036
                                Telephone: 202-463-1818
                                Facsimile: 202-463-2999

By: _____ 1/11/07
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of January, a copy of the forgoing was

served via United States First Class mail on counsel for the Defendant:

Ana Fernandez Johnson
DEBEVOISE & PLIMPTON, LLP
555 12th Street, NW
Suite 1100E
Washington, DC 20004


Mark P. Goodman
DEBEVOISE & PLIMPTON LLP
919 Third Ave.
New York, NY 10022


_____
Tracy Reichman Kalik